UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

—————————————————— )
PETER COHEN,                     )
                               )
      Plaintiff              )
                               )
v.                              )
                               )
FRANK BATTLES, INC.,     )
BATTLES NISSAN, LLC, and  )
GREGORY BATTLES       )
                               )
      Defendants       )
—————————————————— )

## **COMPLAINT AND JURY CLAIM**

NOW COMES Peter Cohen, the plaintiff in the above-entitled action, and hereby states as follows:

1.      This is a civil rights action based on unlawful discrimination on the basis of disability and retaliation by an employer against its employee, and for violations of the Family and Medical Leave Act, 29 U.S.C. 2601, et seq. ("FMLA").

2.      The unlawful disability discrimination and retaliation was perpetrated by the defendant employer against their employee, the plaintiff, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq. ("ADA") and in violation of M.G.L. Chapter 151B, Section 1, et seq.

3.      The employer's failure to provide a mandatory job protected medical leave violated the Family and Medical Leave Act, 29 U.S.C. 2601, et seq.'s prohibitions against retaliation as well as the FMLA's prohibitions against interference with an employee's rights under the FMLA.

4.      The unlawful disability discrimination and retaliation was perpetrated by the defendant

employer against its employee, the plaintiff, in violation of the ADA and in violation of M.G.L.

Chapter 151B, §1, et seq.

5.      The unlawful practices were committed in the Federal District of Massachusetts, this

Court's judicial district.

6.      This Court has jurisdiction of this matter pursuant to the provisions of 42 U.S.C. 12117

and 28 U.S.C.  1331.

7.      Plaintiff has asserted claims and requests for relief pursuant to Massachusetts law that

arise from the same facts and circumstances as Plaintiff's claims and requests for relief

pursuant to Federal law.

8.      The Court has Supplemental Jurisdiction of Plaintiff's state law claims pursuant to 28

U.S.C. 1367.

9.      The unlawful practices were committed in the Federal District of Massachusetts, this

Court's judicial district.

**PARTIES**

10.      The Plaintiff in this action is PETER COHEN (hereinafter referred to as "the plaintiff" or

"Mr. Cohen"), an individual now or formerly residing at 21 William Road, North Falmouth,

Massachusetts.

11.      Defendant FRANK BATTLES, INC. (hereinafter referred to as "Frank Battles"), is a

corporation organized and/or authorized to do business under the laws of the Commonwealth of

Massachusetts, and is an employer as defined by the ADA and Massachusetts General Laws

Chapter 151B, Section 1, now or formerly having a usual place of business at 50 MacArthur

Boulevard, Bourne, Massachusetts.

2

12.     Defendant BATTLES NISSAN, LLC. (hereinafter referred to "Battles Nissan"), is a limited liability company organized and/or authorized to do business under the laws of the Commonwealth of Massachusetts, and is an employer as defined by the ADA and Massachusetts General Laws Chapter 151B, Section 1, now or formerly having a usual place of business at 50 MacArthur Boulevard, Bourne, Massachusetts.

13.     Defendant Gregory Battles is an individual with a principal place of business at 14 Depot Avenue, Falmouth, Massachusetts.

14.     Frank Battles and Battles Nissan own, operate and manage automobile dealerships and service centers in Falmouth and Bourne, Massachusetts.

15.     At all times relevant to this Complaint, Mr. Cohen was an employee of Frank Battles and Battles Nissan.

## FACTS COMMON TO ALL COUNTS

16.     At all times during his employment with Frank Battles and Battles Nissan, Mr. Cohen was qualified for the position of automobile salesperson, a position he held with the defendants and their predecessors in interest for approximately 35 years until his termination on or about September 29, 2017.

17.     Mr. Cohen was diagnosed with and has a record of having several health conditions and disabilities including chronic diabetes and cardiac condition(s).

18.     Frank Battles and Battles Nissan have at all times had actual and/or constructive knowledge of Mr. Cohen's chronic health conditions and disabilities and perceived Mr. Cohen as an individual with those or other disabilities.

19.     As an individual with the above described conditions and whose employer perceived him as an individual with disabilities, Mr. Cohen is eligible for protection against disability discrimination under the ADA and M.G.L. Chapter 151B.

20.     At all times relevant to this Complaint, Frank Battles and Battles Nissan had an obligation and duty to provide Mr. Cohen with a work place free from discrimination.

21.     Mr. Cohen was an employee of Frank Battles and Battles Nissan's (or their predecessors in interest) for approximately 35 years as of the end of his employment.

22.     Frank Battles and Battles Nissan terminated Mr. Cohen's employment on or about September 29, 2017.

23.     Mr. Cohen's impairments/conditions including chronic diabetes and cardiac condition(s) are disabilities which impair several major life activities, including working (at times), eating, walking, standing, lifting, performing manual tasks.

24.     Mr. Cohen became an employee of Frank Battles and Battles Nissan's beginning in approximately 1983 as an auto salesperson.

25.     Mr. Cohen's work performance had always been very good; he received positive work performance reviews and/or feedback throughout his 35 years of his employment with Frank Battles and Battles Nissan.

26.     Gregory Battles, Frank Battles and Battles Nissan and its managers were aware of Mr. Cohen's disabilities, including as of the time of his termination.

27.     Frank Battles and Battles Nissan and its managers including Gregory Battles were aware of Mr. Cohen's disabilities yet effectively terminated him due to his disabilities and/or while he was out of work temporarily for a medical leave.

28.     Frank Battles and Battles Nissan terminated Mr. Cohen's employment on or after September 29, 2017 because of his disabilities, and in retaliation for his request for an accommodation of a of a short rest break, and also in violation of the Family Medical Leave Act.

29.     Due to Mr. Cohen's disabilities including chronic diabetes, he required short rest breaks, particularly after eating lunch, which results in fatigue.

30.     On September 29, 2017, Frank Battles and Battles Nissan manager Gregory Battles, while fully knowing of Mr. Cohen's disabilities and need for short rest breaks, required Mr. Cohen to leave work instead of accommodating the short break.

31.     On September 30, 2017, Mr. Cohen sustained a serious knee injury while at home.

32.     Mr. Cohen required a medical leave of absence until late December, 2017 as a result of his knee injury.

33.     When Mr. Cohen notified Frank Battles and Battles Nissan of his ability to return to work, Frank Battles and Battles Nissan replied that Mr. Cohen would no longer be allowed to return to work.

34.     Frank Battles and Battles Nissan indicated to Mr. Cohen that it might find a different position for him; however, it never did and in May 2018 confirmed that Mr. Cohen was no longer an employee of Frank Battles and Battles Nissan.

35.     Frank Battles and Battles Nissan's adverse action and termination of Mr. Cohen's employment caused Mr. Cohen great distress and anxiety.

36.     Frank Battles and Battles Nissan replaced Mr. Cohen with one or more non-disabled employees.

37.    The accommodations that Mr. Cohen requested (to wit, short rest breaks, and a short term, approximately 60 day medical leave) did not cause an undue burden on the business of Frank Battles and Battles Nissan.

38.    The accommodations that Mr. Cohen requested did not render him unable to perform the essential functions of his position.

39.    Mr. Cohen is a qualified disabled person, and is a member of the protected classes of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.

40.    Mr. Cohen is a qualified handicapped person, and is a member of the protected classes of Massachusetts General Laws Chapter 151B Section 1, et seq.

41.    Frank Battles and Battles Nissan's termination of Mr. Cohen's employment was based on his disability, and was in violation of the Family Medical Leave Act.

42.    Frank Battles and Battles Nissan replaced Mr. Cohen and/or his duties with one or more non-disabled employees.

43.    At all times herein relevant, Frank Battles and Battles Nissan had the duty to provide its employees, including Mr. Cohen, with an equitable, non-discriminatory work environment.

44.     Frank Battles and Battles Nissan is unable to articulate a legitimate, non-pretextual, non-discriminatory reason for its adverse actions against and termination of Mr. Cohen's employment.

45.     Frank Battles and Battles Nissan's articulated reasons for its adverse action and termination are false and a pretext for discrimination against Mr. Cohen because of his disabilities, the defendants' perception of Mr. Cohen as a disabled person, and for retaliation for Mr. Cohen's requests for accommodation for disabilities, and in retaliation for Mr. Cohen's exercise of his rights under the FMLA.

46.     Frank Battles and Battles Nissan failed to provide a reasonable accommodation to Mr. Cohen for his disabilities, and failed to engage in any interactive process with Mr. Cohen to seek a feasible reasonable accommodation, which failures resulted in Frank Battles and Battles Nissan's termination of Mr. Cohen's employment.

47.     On or about June 29, 2018, Mr. Cohen filed a timely Complaint and Charge of Discrimination against Frank Battles and Battles Nissan with the Massachusetts Commission Against Discrimination (the "MCAD"), which was duly cross-filed with the Equal Employment Opportunity Commission (the "EEOC".)

48.     In the Complaint filed with the MCAD and cross-filed with the EEOC, Mr. Cohen alleged that Frank Battles and Battles Nissan discriminated against him on the basis of his disability and/or perceived disability, a failure to accommodate his disability and that his discharge was in retaliation for requesting a reasonable accommodation or otherwise exercising his rights under the ADA.

49.     Pursuant to its work-sharing agreement with the EEOC, the MCAD notified Frank Battles and Battles Nissan of Mr. Cohen's complaint of discrimination, investigated the

complaint, and provided Frank Battles and Battles Nissan with an opportunity to conciliate the matters.

50.     Frank Battles and Battles Nissan share centralized control of labor and personnel management.

51.     Frank Battles and Battles Nissan share common ownership.

52.     Frank Battles and Battles Nissan share personnel and human resources policies.

53.     Frank Battles and Battles Nissan share common management.

54.     Frank Battles and Battles Nissan share common property from which they operate.

55.     At all times relevant to this complaint, Frank Battles and Battles Nissan were and continue to be one integrated enterprise employer.

## COUNT I – DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF 42 U.S.C. 12101, et seq.

### Peter Cohen vs. Frank Battles, Inc.

56.     Plaintiff restates, realleges and incorporates by reference herein allegations one through fifty five of this Complaint.

57.     The defendant in this Count is Frank Battles.

58.     Defendants' conduct, as alleged in allegations one through fifty five of Plaintiff's Complaint, constitutes unlawful disability discrimination and failure to accommodate, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.

59.     As a direct and proximate result of Defendants' unlawful disability discrimination, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq., the plaintiff, PETER COHEN, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

60.   Plaintiff complied with the requirement(s) of 42 U.S.C. 12101, et seq. when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said Complaint which was cross-filed with the Equal Employment Opportunities Commission, said complaint alleging that Defendant terminated his employment because and on account of his disability, failed to provide him with a reasonable accommodation for a disability, and otherwise subjected him to unlawful disability discrimination.

61.   Plaintiff has duly, properly and in a timely manner notified the Equal Employment Opportunities Commission of his intention to file this Complaint and to seek relief in this Court.

62.   The Equal Employment Opportunities Commission has issued Plaintiff a Notice of his Right To Sue that authorizes Plaintiff to bring this private civil action against this Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant Frank Battles and:

a.   Declare that this Defendant's conduct violated the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.;

b.   Enjoin this Defendant from subjecting Plaintiff to further disability discrimination;

c.   Issue a mandatory injunction compelling Defendant to provide training to its employees, officers and agents, designed to eliminate, prevent and reduce disability discrimination;

d.   Award Plaintiff compensatory damages;

e.   Award Plaintiff multiple damages;

f.   Award Plaintiff punitive damages;

g.   Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

h.   Issue such other relief as the Court deems just and proper.

## COUNT II – DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF 42 U.S.C. 12101, et seq.

### Peter Cohen vs. Battles Nissan, LLC

63.     Plaintiff restates, realleges and incorporates by reference herein allegations one through sixty two of this Complaint.

64.     The defendant in this Count is Battles Nissan, LLC.

65.     Defendants' conduct, as alleged in allegations one through sixty two of Plaintiff's Complaint, constitutes unlawful disability discrimination and failure to accommodate, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.

66.     As a direct and proximate result of Defendants' unlawful disability discrimination, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq., the plaintiff, PETER COHEN, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

67.     Plaintiff complied with the requirement(s) of 42 U.S.C. 12101, et seq. when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said Complaint which was cross-filed with the Equal Employment Opportunities Commission, said complaint alleging that Defendant terminated his employment because and on account of his disability, failed to provide him with a reasonable accommodation for a disability, and otherwise subjected him to unlawful disability discrimination.

68.     Plaintiff has duly, properly and in a timely manner notified the Equal Employment Opportunities Commission of his intention to file this Complaint and to seek relief in this Court.

69.     The Equal Employment Opportunities Commission has issued Plaintiff a Notice of his

Right To Sue that authorizes Plaintiff to bring this private civil action against this Defendant.

        WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against

Defendant Battles Nissan, LLC and:

a.      Declare that this Defendant's conduct violated the Americans with Disabilities Act, 42

U.S.C. 12101, et seq.;

b.      Enjoin this Defendant from subjecting Plaintiff to further disability discrimination;

c.      Issue a mandatory injunction compelling Defendant to provide training to its employees,

officers and agents, designed to eliminate, prevent and reduce disability discrimination;

d.      Award Plaintiff compensatory damages;

e.      Award Plaintiff multiple damages;

f.      Award Plaintiff punitive damages;

g.      Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

and

h.      Issue such other relief as the Court deems just and proper.


## COUNT III – DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4

### Peter Cohen v. Frank Battles, Inc.

70.     Plaintiff restates, realleges and incorporates by reference herein allegations one through

sixty-nine of this Complaint.

71.     The defendant in this count is Frank Battles.

72.     The defendant's conduct, as alleged in allegations one through sixty-nine of Plaintiff's Complaint, constitutes unlawful disability discrimination in violation of Massachusetts General Laws Chapter 151B, Section 4.

73.     As a direct and proximate result of the defendant's unlawful disability discrimination in violation of M.G.L. Chapter 151B, Section 4, Plaintiff, PETER COHEN, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

74.     Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said complaint alleging that the defendant terminated his employment because and on account of his disability and otherwise subjected him to disability discrimination in the context of his employment.

75.     More than ninety days have passed since Plaintiff filed a Complaint of disability discrimination with the Massachusetts Commission Against Discrimination.

76.     Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this private civil action against the defendant.

        WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the defendant Frank Battles and:

a.      Declare that the defendant's conduct violated Massachusetts General Laws Chapter 151B, Section 4, as amended;

b.      Order that the defendant reinstate the plaintiff;

c.      Enjoin the defendant from subjecting Plaintiff to disability discrimination;

d.      Issue a mandatory injunction compelling the defendant to provide training to their agents, employees and officers designed to eliminate, prevent and reduce disability discrimination;

e.      Award Plaintiff compensatory damages;

f.      Award Plaintiff multiple damages;

g.      Award Plaintiff punitive damages;

h.      Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

i.      Issue such other relief as the Court deems just and proper.

### COUNT IV – DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4

### Peter Cohen v. Battles Nissan, LLC

77.     Plaintiff restates, realleges and incorporates by reference herein allegations one through seventy-seven of this Complaint.

78.     The defendant in this count is Battles Nissan.

79.     The defendant's conduct, as alleged in allegations one through seventy-seven of Plaintiff's Complaint, constitutes unlawful disability discrimination in violation of Massachusetts General Laws Chapter 151B, Section 4.

80.     As a direct and proximate result of the defendant's unlawful disability discrimination in violation of M.G.L. Chapter 151B, Section 4, Plaintiff, PETER COHEN, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

81.     Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B,

Section 5 when he properly and in a timely manner filed a complaint with the Massachusetts

Commission Against Discrimination, said complaint alleging that the defendant terminated his

employment because and on account of his disability and otherwise subjected him to disability

discrimination in the context of his employment.

82.     More than ninety days have passed since Plaintiff filed a Complaint of disability

discrimination with the Massachusetts Commission Against Discrimination.

83.     Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this

private civil action against the defendant.

        WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the

defendant Battles Nissan, and:

a.      Declare that the defendant's conduct violated Massachusetts General Laws Chapter

        151B, Section 4, as amended;

b.      Order that the defendant reinstate the plaintiff;

c.      Enjoin the defendant from subjecting Plaintiff to disability discrimination;

d.      Issue a mandatory injunction compelling the defendant to provide training to their agents,

employees and officers designed to eliminate, prevent and reduce disability discrimination;

e.      Award Plaintiff compensatory damages;

f.      Award Plaintiff multiple damages;

g.      Award Plaintiff punitive damages;

h.      Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

and

i.      Issue such other relief as the Court deems just and proper.

14

## COUNT V – DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4

### Peter Cohen v. Gregory Battles

84.     Plaintiff restates, realleges and incorporates by reference herein allegations one through eighty-three of this Complaint.

85.     The defendant in this count is Gregory Battles.

86.     The defendant's conduct, as alleged in allegations one through eighty-three of Plaintiff's Complaint, constitutes unlawful disability discrimination in violation of Massachusetts General Laws Chapter 151B, Section 4.

87.     As a direct and proximate result of the defendant's unlawful disability discrimination in violation of M.G.L. Chapter 151B, Section 4, Plaintiff, PETER COHEN, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

88.     Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said complaint alleging that the defendant terminated his employment because and on account of his disability and otherwise subjected him to disability discrimination in the context of his employment.

89.     More than ninety days have passed since Plaintiff filed a Complaint of disability discrimination with the Massachusetts Commission Against Discrimination.

90.     Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this private civil action against the defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the defendant Gregory Battles, and:

a.    Declare that the defendant's conduct violated Massachusetts General Laws Chapter 151B, Section 4, as amended;

b.    Order that the defendant reinstate the plaintiff;

c.    Enjoin the defendant from subjecting Plaintiff to disability discrimination;

d.    Issue a mandatory injunction compelling the defendant to provide training to their agents, employees and officers designed to eliminate, prevent and reduce disability discrimination;

e.    Award Plaintiff compensatory damages;

f.    Award Plaintiff multiple damages;

g.    Award Plaintiff punitive damages;

h.    Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

i.    Issue such other relief as the Court deems just and proper.


**COUNT VI – RETALIATION IN VIOLATION OF 42 U.S.C. 12101, et seq.**

**Peter Cohen v. Frank Battles, Inc.**

91.    Plaintiff restates, realleges and incorporates by reference herein allegations one through ninety of this Complaint.

92.    The defendant in this count is Frank Battles.

93.    Defendant terminated the plaintiff's employment in retaliation for his requests for accommodation of his disabilities.

94.     Defendants' conduct, as alleged in allegations one through ninety of Plaintiff's Complaint, constitutes unlawful retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.

95.     As a direct and proximate result of Defendants' unlawful retaliation, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq., the plaintiff, PETER COHEN, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

96.     Plaintiff complied with the requirement(s) of 42 U.S.C. 12101, et seq. when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said Complaint which was cross-filed with the Equal Employment Opportunities Commission, said complaint alleging that Defendant terminated his employment because and on account of unlawful retaliation.

97.     Plaintiff has duly, properly and in a timely manner notified the Equal Employment Opportunities Commission of his intention to file this Complaint and to seek relief in this Court.

98.     The Equal Employment Opportunities Commission has issued Plaintiff a Notice of his Right To Sue that authorizes Plaintiff to bring this private civil action against this Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant Frank Battles and:

a.      Declare that this Defendant's conduct violated the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.;

b.      Enjoin this Defendant from subjecting Plaintiff to further retaliation;

c.      Issue a mandatory injunction compelling Defendant to provide training to its employees, officers and agents, designed to eliminate, prevent and reduce retaliation;

d.      Award Plaintiff compensatory damages;

e.      Award Plaintiff multiple damages;

f.      Award Plaintiff punitive damages;

g.      Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

h.      Issue such other relief as the Court deems just and proper.

## COUNT VII – RETALIATION IN VIOLATION OF 42 U.S.C. 12101, et seq.

### Peter Cohen v. Battles Nissan, LLC

99.     Plaintiff restates, realleges and incorporates by reference herein allegations one through ninety-eight of this Complaint.

100.    The defendant in this count is Battles Nissan.

101.    Defendant terminated the plaintiff's employment in retaliation for his requests for accommodation of his disabilities.

102.    Defendants' conduct, as alleged in allegations one through ninety-eight of Plaintiff's Complaint, constitutes unlawful retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.

103.    As a direct and proximate result of Defendants' unlawful retaliation, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq., the plaintiff, PETER COHEN, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

104.    Plaintiff complied with the requirement(s) of 42 U.S.C. 12101, et seq. when he properly

and in a timely manner filed a complaint with the Massachusetts Commission Against

Discrimination, said Complaint which was cross-filed with the Equal Employment Opportunities

Commission, said complaint alleging that Defendant terminated his employment because and on

account of unlawful retaliation.

105.    Plaintiff has duly, properly and in a timely manner notified the Equal Employment

Opportunities Commission of his intention to file this Complaint and to seek relief in this Court.

106.    The Equal Employment Opportunities Commission has issued Plaintiff a Notice of his

Right To Sue that authorizes Plaintiff to bring this private civil action against this Defendant.

        WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against

Defendant Battles Nissan and:

a.      Declare that this Defendant's conduct violated the Americans with Disabilities Act, 42

        U.S.C. 12101, et seq.;

b.      Enjoin this Defendant from subjecting Plaintiff to further retaliation;

c.      Issue a mandatory injunction compelling Defendant to provide training to its employees,

        officers and agents, designed to eliminate, prevent and reduce retaliation;

d.      Award Plaintiff compensatory damages;

e.      Award Plaintiff multiple damages;

f.      Award Plaintiff punitive damages;

g.      Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

        and

h.      Issue such other relief as the Court deems just and proper.

## COUNT VIII – RETALIATION IN VIOLATION OF
## M.G.L. CHAPTER 151B, SECTION 4

### Peter Cohen v. Frank Battles, Inc.

107.    Plaintiff restates, realleges and incorporates by reference herein allegations one through one hundred six of this Complaint.

108.    The defendant in this count is Frank Battles.

109.    Defendant terminated the plaintiff's employment in retaliation for his requests and need for accommodation of his disabilities.

110.    The defendant's conduct, as alleged in allegations one through one hundred six of Plaintiff's Complaint, constitutes unlawful retaliation in violation of Massachusetts General Laws Chapter 151B, Section 4.

111.    As a direct and proximate result of the defendant's unlawful retaliation in violation of M.G.L. Chapter 151B, Section 4, Plaintiff, PETER COHEN, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

112.    Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said complaint alleging that the defendant terminated his employment retaliation and otherwise subjected him to disability discrimination in the context of his employment.

113.    More than ninety days have passed since Plaintiff filed a Complaint of disability discrimination with the Massachusetts Commission Against Discrimination.

114.    Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this private civil action against the defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the defendant Frank Battles and:

a.    Declare that the defendant's conduct violated Massachusetts General Laws Chapter 151B, Section 4, as amended;

b.    Order that the defendant reinstate the plaintiff;

c.    Enjoin the defendant from subjecting Plaintiff to retaliation;

d.    Issue a mandatory injunction compelling the defendant to provide training to their agents, employees and officers designed to eliminate, prevent and reduce retaliation and discrimination;

e.    Award Plaintiff compensatory damages;

f.    Award Plaintiff multiple damages;

g.    Award Plaintiff punitive damages;

h.    Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

i.    Issue such other relief as the Court deems just and proper.

## COUNT IX – RETALIATION IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4

### Peter Cohen v. Battles Nissan, LLC

115.    Plaintiff restates, realleges and incorporates by reference herein allegations one through one hundred fourteen of this Complaint.

116.    The defendant in this count is Nissan Battles.

117.    Defendant terminated the plaintiff's employment in retaliation for his requests and need for accommodation of his disabilities.

118.    The defendant's conduct, as alleged in allegations one through one hundred fourteen of Plaintiff's Complaint, constitutes unlawful retaliation in violation of Massachusetts General Laws Chapter 151B, Section 4.

119.    As a direct and proximate result of the defendant's unlawful retaliation in violation of M.G.L. Chapter 151B, Section 4, Plaintiff, PETER COHEN, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

120.    Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said complaint alleging that the defendant terminated his employment retaliation and otherwise subjected him to disability discrimination in the context of his employment.

121.    More than ninety days have passed since Plaintiff filed a Complaint of disability discrimination with the Massachusetts Commission Against Discrimination.

122.    Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this private civil action against the defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the defendant Battles Nissan and:

a.    Declare that the defendant's conduct violated Massachusetts General Laws Chapter 151B, Section 4, as amended;

b.      Order that the defendant reinstate the plaintiff;

c.      Enjoin the defendant from subjecting Plaintiff to retaliation;

d.      Issue a mandatory injunction compelling the defendant to provide training to their agents,

        employees and officers designed to eliminate, prevent and reduce retaliation and

        discrimination;

e.      Award Plaintiff compensatory damages;

f.      Award Plaintiff multiple damages;

g.      Award Plaintiff punitive damages;

h.      Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

        and

i.      Issue such other relief as the Court deems just and proper.

## COUNT X – RETALIATION IN VIOLATION OF
## M.G.L. CHAPTER 151B, SECTION 4

### Peter Cohen v. Gregory Battles

123.    Plaintiff restates, realleges and incorporates by reference herein allegations one through

one hundred twenty two of this Complaint.

124.    The defendant in this count is Gregory Battles.

125.    Defendant terminated the plaintiff's employment in retaliation for his requests and need

for accommodation of his disabilities.

126.    The defendant's conduct, as alleged in allegations one through one hundred twenty two

of Plaintiff's Complaint, constitutes unlawful retaliation in violation of Massachusetts General

Laws Chapter 151B, Section 4.

127.    As a direct and proximate result of the defendant's unlawful retaliation in violation of

M.G.L. Chapter 151B, Section 4, Plaintiff, PETER COHEN, has incurred and continues to incur

substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress

and anguish of mind, and has suffered, and will continue to suffer, other damages as he will

show at trial.

128.    Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B,

Section 5 when he properly and in a timely manner filed a complaint with the Massachusetts

Commission Against Discrimination, said complaint alleging that the defendant terminated his

employment retaliation and otherwise subjected him to disability discrimination in the context of

his employment.

129.    More than ninety days have passed since Plaintiff filed a Complaint of disability

discrimination with the Massachusetts Commission Against Discrimination.

130.    Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this

private civil action against the defendant.

        WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the

defendant Gregory Battles and:

a.      Declare that the defendant's conduct violated Massachusetts General Laws Chapter

        151B, Section 4, as amended;

b.      Order that the defendant reinstate the plaintiff;

c.      Enjoin the defendant from subjecting Plaintiff to retaliation;

d.      Issue a mandatory injunction compelling the defendant to provide training to their agents,

        employees and officers designed to eliminate, prevent and reduce retaliation and

        discrimination;

e.      Award Plaintiff compensatory damages;

f.      Award Plaintiff multiple damages;

g.      Award Plaintiff punitive damages;

h.      Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

i.      Issue such other relief as the Court deems just and proper.

## COUNT XI – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

### Peter Cohen v. Frank Battles, Inc.

131.    Plaintiff restates, realleges and incorporates by reference herein allegations one through thirty of this Complaint.

132.    The defendant in this count is Frank Battles.

133.    The Defendant is an employer as defined by 29 U.S.C. 2601, et seq.

134.    At all times relevant to this Complaint, the plaintiff had a serious health condition as defined by 29 U.S.C. 2601, et seq., and/or the regulations promulgated thereunder.

135.    The defendant failed and refused to provide the plaintiff with a required, job protected medical leave to attend to his serious health condition.

136.    The defendant interfered with the plaintiff's rights under 29 U.S.C. 2601, et seq., and/or the regulations promulgated thereunder.

137.    The defendant unlawfully retaliated against the plaintiff for exercising his rights pursuant to 29 U.S.C. 2601, et seq., and/or the regulations promulgated thereunder by discharging him from employment.

138.     The defendant terminated the plaintiff's employment without providing the plaintiff with at least twelve weeks days of job protected medical leave to attend to his serious health condition.

139.     The defendant's conduct, as alleged in allegations one through one hundred thirty of this Complaint and in this count, constitutes a material violation of the Family and Medical Leave Act, 29 U.S.C. 2601, et seq.

140.     As a direct and proximate result of the defendant's material violation of the Family and Medical Leave Act, 29 U.S.C. 2601, et seq., Plaintiff, PETER COHEN, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the defendant Frank Battles and:

a.     Declare that the defendant violated the Family and Medical Leave Act, 29 U.S.C. 2601, et seq.;

b.     Order that the defendant reinstate the plaintiff;

c.     Award Plaintiff compensatory damages;

d.     Award Plaintiff punitive damages;

e.     Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

f.     Issue such other relief as the Court deems just and proper.

## COUNT XII – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

### Peter Cohen v. Battles Nissan, LLC

141.   Plaintiff restates, realleges and incorporates by reference herein allegations one through forty of this Complaint.

142.   The defendant in this count is Battles Nissan, LLC.

143.   The Defendant is an employer as defined by 29 U.S.C. 2601, et seq.

144.   At all times relevant to this Complaint, the plaintiff had a serious health condition as defined by 29 U.S.C. 2601, et seq., and/or the regulations promulgated thereunder.

145.   The defendant failed and refused to provide the plaintiff with a required, job protected medical leave to attend to his serious health condition.

146.   The defendant interfered with the plaintiff's rights under 29 U.S.C. 2601, et seq., and/or the regulations promulgated thereunder.

147.   The defendant unlawfully retaliated against the plaintiff for exercising his rights pursuant to 29 U.S.C. 2601, et seq., and/or the regulations promulgated thereunder by discharging him from employment.

148.   The defendant terminated the plaintiff's employment without providing the plaintiff with at least twelve weeks days of job protected medical leave to attend to his serious health condition.

149.   The defendant's conduct, as alleged in allegations one through one hundred forty of this Complaint and in this count, constitutes a material violation of the Family and Medical Leave Act, 29 U.S.C. 2601, et seq.

150.   As a direct and proximate result of the defendant's material violation of the Family and Medical Leave Act, 29 U.S.C. 2601, et seq., Plaintiff, PETER COHEN, has incurred and

continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the defendant Battles Nissan and:

a.      Declare that the defendant violated the Family and Medical Leave Act, 29 U.S.C. 2601, et seq.;

b.      Order that the defendant reinstate the plaintiff;

c.      Award Plaintiff compensatory damages;

d.      Award Plaintiff punitive damages;

e.      Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

f.      Issue such other relief as the Court deems just and proper.

## **PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,
For the plaintiff,


/s/      Sol J. Cohen
Sol J. Cohen
BBO # 630776
COHEN & SALES, LLC
60 Walnut Street, 4th Floor
Wellesley, MA 02481
(617) 621-1151
e-mail: soljcohen@cohenandsales.com